UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR A. VENEGAS-ALATORRE,

    Petitioner,

    v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

    Respondent.
_____/

No. C 05-2087 MHP

**ORDER**

On May 20, 2005, petitioner Victor A. Venegas-Alatorre filed in this court a petition for writ of habeas corpus challenging a final order of deportation issued by United States Immigration and Customs Enforcement ("ICE"). Respondent Department of Homeland of Security now moves to dismiss Venegas' petition for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

Prior to May 11, 2005, this court had jurisdiction to entertain an alien's challenge to an order of removal under 28 U.S.C. § 2241. However, on that date, Congress enacted the REAL ID Act of 2005, P.L. 109-13, 119 Stat. 231, Division B (May 11, 2005). Section 106(a) of REAL ID Act, which took effect upon its enactment, amends the Immigration and Nationality Act ("INA") so as to preclude this court from reviewing final orders of removal issued by ICE. See 8 U.S.C. § 1252(a)(5). While respondent's motion to dismiss on that basis is unopposed, the court nonetheless notes that the question of whether section 106(a) comports with the Suspension Clause, U.S. Const., Art. I, § 9, cl. 2, is a thorny one, and it is complicated here by the fact that the REAL ID Act, by lifting the barriers to judicial review of Venegas' claims in the court of appeals, has provided an alterative forum in which he may seek redress. See Fernandez-Ruiz v. Gonzales, No. 03-74533, 2005 WL 1301593, at *1 (9th Cir. May 31, 2005) (holding that section 106(a)(1)(A)(iii) of the REAL ID Act "restored judicial review of constitutional claims and questions of law presented in petitions for review of final

removal orders"). For the time being, however, the court need not address the REAL ID Act's constitutionality because the fact that the court of appeals now has jurisdiction to entertain Venegas' constitutional claims provides a more prosaic ground for declining to entertain the instant habeas petition: namely, Venegas' failure to exhaust available judicial remedies, which the Ninth Circuit has held to be a prudential limit on a district court's jurisdiction to review final orders of deportation under 28 U.S.C. § 2254. See, e.g., Nunes v. Ashcroft, 375 F.3d 810, 816 (9th Cir. 2004), cert. denied, __ U.S. __, 125 S. Ct. 1395 (2005); Laing v. Ashcroft, 370 F.3d 994, 995, 999-1001 (9th Cir. 2004); Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541-42 (9th Cir. 2004). Thus, the court need not reach the constitutional issues raised by the enactment of the REAL ID Act to accept the parties' position that it presently lacks jurisdiction to entertain Venegas' claims.

Accordingly, for the reasons stated above, respondent's motion to dismiss is GRANTED. Venegas' petition for a writ of habeas corpus is hereby DISMISSED WITHOUT PREJUDICE to filing a petition for review in the court of appeals.

IT IS SO ORDERED.

Date: June 27, 2005

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California